STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM J. THOMPSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 22, 1959—Decided July 9, 1959.

Before Judges PRICE, GAULKIN and FOLEY.

Mr. Joseph Tomaselli argued the cause for defendant-appellant (Messrs. Malandra & Tomaselli, attorneys).

Mr. Stephen M. Gretzkowski, Jr., Assistant Prosecutor, argued the cause for plaintiff-respondent (Mr. Norman Heine, Camden County Prosecutor, attorney; Mr. Charles A. Rizzi, First Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

PRICE, S. J. A. D.   Defendant appeals from an order of the County Court denying his motion to dismiss an indictment.   Leave to take this appeal was heretofore granted by this court.  R. R. 2:2–3;  3:5–5(6)(a).

Defendant was indicted for embezzlement for violating N. J. S. 2A:102–5.  The indictment contains ten separate counts each alleging embezzlement during a calendar month from August 1957 to July 1958, excluding the months of October 1957 and January 1958.  The State, on demand, gave defendant a bill of particulars which alleged that "there was a continuous embezzlement during each of the months charged in each of the ten counts of the indictment."

Defendant moved to dismiss the indictment upon the ground, inter alia, that "[t]he indictment is duplicitous and multifarious, in that it attempts to make ten separate embezzlements out of one continuous embezzlement."

Although the record discloses that the motion was directed only to dismissal of the indictment, on this appeal defendant asserts in his brief that he sought "either (a) a dismissal of the indictment so that a proper one might be found; (b) an amendment of the indictment to charge a single offense to which the defendant would consent; or (c) that

the court consider the indictment as charging one overall offense." As above stated, the trial court denied the motion and defendant appealed.

Defendant places stress upon a former statute *R. S.* 2:188–19, which was not re-enacted in Title 2*A*. This provided:

> "In an indictment for embezzlement there may be charged any number of distinct acts of embezzlement which may have been committed by the defendant against the same master or employer, within six months from the first to the last of such acts."

It is contended that the failure to re-enact this statute indicated a legislative intent to prohibit indictments of the type now under review. Defendant further urges that cases decided while the statute was in force are not controlling in the case at bar.

The prosecutor asserts that the State "will undertake to prove" that defendant was employed by the Audubon Mutual Housing Corporation and, as such employee, it was his duty to collect rents from the tenants each month; that it was his duty during each month to deposit the money he had collected in that month; that during each month (except during October 1957 and January 1958) he deposited an amount less than the total rents collected for those respective months and converted the remainder to his own use. Under these facts it is asserted that the State will undertake to prove the commission of a separate crime each month during the period, thus substantiating the charges contained in the indictment. It is further contended that the reason that *R. S.* 2:188–19 was not re-enacted was because the Supreme Court promulgated *Rule* 2:4–15, now *R. R.* 3:4–7. Said rule provides:

> "Two or more offenses may be charged in the same indictment or accusation in a separate count for each offense if the offenses charged, whether high misdemeanors or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Defendant refers us to *State v. Ajamian,* 9 *N. J. Super.* 143 (*App. Div.* 1950), in which it was held that it was not required that an indictment contain separate counts for each individual amount alleged to have been embezzled. He urges that the cited case as well as decisions from other jurisdictions support the view that the indictment should include only one count when the defendant is charged with embezzling various amounts from one master over a period of time.

In *Ajamian, supra,* 9 *N. J. Super.,* at *page* 146, it was further stated:

"However, assuming the validity of the defendant's position that the indictment should have, as well it might have under the particular circumstances presented, embodied separate counts rather than a single count, we fail to find cause for reversal."

This decision cannot be used as supporting the proposition that the State is *required* to charge the single offense of embezzlement of the aggregate amount. When *R. S.* 2:188–19 was in force the State was not required to charge embezzlement in separate counts. *Ajamian, supra.* The failure to re-enact the statute does not now prevent the State from doing so.

To be distinguished are cases such as *People v. Cox,* 286 *N. Y.* 137, 36 *N. E. 2d* 84, 136 *A. L. R.* 943 (*Ct. App.* 1941), cited by defendant, which hold that individual acts of petty larceny may support an indictment for grand larceny provided the individual takings are pursuant to a common scheme. Nothing in the reasoning contained in such decisions would prevent an indictment charging the commission of a series of acts of petty larceny.

If there were any force to defendant's argument concerning the inferences to be drawn from the failure to include *R. S.* 2:188–19 in the present Title 2A, we hold that *R. R.* 3:4–7 clearly authorized the Grand Jury to return the indictment challenged on this appeal.

Affirmed.